# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.**

ARIELLA ASHER a.k.a. YELLA THE TRIPLE THREAT, an individual,

    Plaintiff,

v.

DESTINY HOPE CYRUS a.k.a. MILEY CYRUS, an individual;
MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT / MIKE WILL MADE-IT / MIKE WILL an individual;
JORDAN HOUSTON a.k.a. JUICY J, an individual;
CAMERON JIBRIL THOMAZ a.k.a. WIZ KHALIFA, an individual d/b/a WIZ KHALIFA PUBLISHING;
THERON THOMAS, an individual;
TIMOTHY THOMAS, an individual;
PIERRE RAMON SLAUGHTER, a.k.a. P-NASTY / P NASTY / P NAZTY / P-NAZTY / PNAZTY an individual;
TOLUCA LAKE TOURS, INC., a Tennessee corporation;
SMILEY MILEY, INC., a Tennessee corporation;
EARDRUMMERS MUSIC PUBLISHING LLC, a Georgia limited liability company;
HOUSTON & ASSOCIATES LLC, a California limited liability company;
BLACKGROUND-INTERSCOPE RECORDS, LLC, a Delaware limited liability company;
UNIVERSAL MUSIC GROUP, INC., a Delaware corporation;
UNIVERSAL MUSIC PUBLISHING, INC., a California corporation;
WARNER-TAMERLANE PUBLISHING CORP, a California corporation;
SOUNDS FROM EARDRUMMERS LLC; a Georgia limited liability company
WB MUSIC CORP., a California corporation;
BMG RIGHTS MANAGEMENT, LLC, a Delaware limited liability company; and
DOES 1-5.

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

1

Plaintiff Ariella Asher ("Ms. Asher"), through counsel, hereby asserts the following complaint against Defendants Destiny Hope Cyrus a.k.a. Miley Cyrus; Michael Len Williams, II a.k.a. Mike Will Made It / Mike Will Made-IT / Mike Will; Jordan Houston a.k.a. Juicy J; Cameron Jibril Thomaz a.k.a. Wiz Khalifa, d/b/a Wiz Khalifa Publishing; Theron Thomas; Timothy Thomas; Pierre Ramon Slaughter a.k.a. P-Nasty / P Nasty / P Nazty / P-Nazty / Pnazty; Toluca Lake Tours, Inc.; Smiley Miley, Inc.; Eardrummers Music Publishing LLC; Houston & Associates LLC; Blackground-Interscope Records, LLC; Universal Music Group, Inc.; Universal Music Publishing, Inc.; Warner-Tamerlane Publishing Corp.; Sounds from Eardrummers LLC; WB Music Corp.; BMG Rights Management, LLC; and Does 1-5 (collectively "Defendants"), as follows:

## NATURE OF THE CASE

1. Plaintiff is Ariella Asher a.k.a. Yella the Triple Threat ("Ms. Asher").

2. Defendants are Destiny Hope Cyrus a.k.a. Miley Cyrus ("Cyrus"); Michael Len Williams, II a.k.a. Mike Will Made It / Mike Will Made-IT / Mike Will ("Williams"); Jordan Houston a.k.a. Juicy J ("Houston"); Cameron Jibril Thomaz a.k.a. Wiz Khalifa, d/b/a Wiz Khalifa Publishing ("Thomaz"); Theron Thomas; Timothy Thomas; Pierre Ramon Slaughter a.k.a. P-Nasty / P Nasty / P Nazty / P-Nazty / Pnazty ("Slaughter"); Toluca Lake Tours, Inc. ("Toluca"); Smiley Miley, Inc. ("Smiley"); Eardrummers Music Publishing LLC ("Eardrummers"); Houston & Associates LLC ("H&A"); Blackground-Interscope Records, LLC ("Interscope"); Universal Music Group, Inc. ("UMG"); Universal Music Publishing, Inc. ("UMP"); Warner-Tamerlane Publishing Corp. ("Warner"); Sounds from Eardrummers LLC ("Sounds"); WB Music Corp. ("WB"); BMG Rights Management, LLC ("BMG"); and Does 1-5 (collectively "Defendants"), as follows:

3. This action involves the blatant copying of Ms. Asher's hit original musical composition, "J's On My Feet ft Fleetwood."

4. The phrase "J's On My Feet" is a reference to the "Air Jordan" basketball shoes made by Nike, Inc., and named after legendary basketball player Michael Jordan.

5. In June 2012, Ms. Asher recorded the original musical composition, "J's On My Feet ft Fleetwood".

6. On or about September 4, 2012, Ms. Asher released and published the original musical composition "J's On My Feet ft Fleetwood".

7. On or about September 4, 2012, Ms. Asher released a promotional mix titled, *The Big Bang*, which contained a series of her original musical compositions including "J's On My Feet ft Fleetwood". *The Big Bang* is a reference to the word "Banger," which the Urban Dictionary defines as "a song [that] is extremely tight or just unbelievably awesome."

8. The Defendants are the writers, composers, producers, record labels, manufacturers, distributors, publishers, performers, and concert promoters of the infringing and derivative musical composition "23 (J's On My Feet)", the infringing sound recording of "23 (J's On My Feet)", and the music videos and other products embodying the infringing musical composition and sound recording "23 (J's On My Feet)".

9. The infringing composition and sound recording "23 (J's On My Feet)" was used to promote Defendant Cyrus' triple platinum album *Bangerz*.

10. Upon information and belief, Defendant's infringing composition and sound recording, "23 (J's On My Feet)" was recorded on the same day Defendants Cyrus, Williams, Theron Thomas, and Timothy Thomas recorded the hit song, "We Can't Stop."

11.     Defendants Cyrus, Williams, Theron Thomas, and Timothy Thomas are defendants in a suit filed in the U.S. District Court, Southern District of New York, titled *Michael May v. Destiny Hope Cyrus, et al.* (1:18-CV-02238, S.D.N.Y.) where it is alleged that these Defendants violated the Copyright Act related to the hit song, "We Can't Stop."

## THE PARTIES

12.     Plaintiff Ms. Asher at all relevant times herein mentioned is the author and creator of the original musical composition entitled "J's On My Feet ft Fleetwood" and is the legal and/or beneficial owner of a copyright interest in and to that musical composition.  Ms. Asher is a resident and citizen of the state of Colorado.

13.     Defendant Cyrus is a writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Cyrus is a resident and citizen of the state of California.

14.     Defendant Williams is a producer, writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Williams a resident and citizen of the state of Georgia.

15.     Defendant Houston is a writer, composer, performer, and publisher the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Houston a resident and citizen of the state of California.

16.     Defendant Thomaz is a writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Thomaz a resident and citizen of the state of California.

17.     Defendant Theron Thomas is one half of the duo known as "Rock City" a.k.a. R. City.  Defendant Theron Thomas is a writer, composer, performer and publisher of the infringing

composition and sound recording "23 (J's On My Feet)". Upon information and belief, Defendant Theron Thomas a resident and citizen of the state of Georgia.

18.     Defendant Timothy Thomas is one half of the duo known as "Rock City" a.k.a. R. City. Defendant Timothy Thomas is a writer, composer, performer and publisher of the infringing composition and sound recording "23 (J's On My Feet)". Upon information and belief, Defendant Timothy Thomas a resident and citizen of the state of Georgia.

19.     Defendant Slaughter is a writer, composer, performer and publisher of the infringing composition and sound recording "23 (J's On My Feet)". Upon information and belief, Defendant Slaughter a resident and citizen of the state of Georgia.

20.     Defendant Toluca is a Tennessee corporation. Defendant Toluca marketed, promoted and produced, or co-marketed, co-promoted, and co-produced the *Bangerz Tour* which prominently featured Defendant Cyrus's performance of the infringing composition and sound recording "23 (J's On My Feet)". Defendant Toluca's principal place of business is in the state of Tennessee; however, it conducts systematic and continuous business in the state of Colorado.

21.     Defendant Smiley is a Tennessee corporation. Defendant Smiley owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant Smiley's principal place of business is in the state of Tennessee; however, it conducts systematic and continuous business in the state of Colorado.

22.     Defendant Eardrummers is a Georgia limited liability company. Defendant Eardrummers owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant Eardrummers principal place of business is in the state of Georgia; however, it conducts systematic and continuous business in the state of Colorado.

x

23.     Defendant H&A is a California limited liability company. Defendant H&A owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". H&A's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

24.     Defendant Interscope is a Delaware limited liability company. Defendant Interscope released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)". Defendant Interscope's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

25.     Defendant UMG is a Delaware corporation and through its subsidiaries, released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)". Defendant UMG's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

26.     Defendant UMP is a California corporation. Defendant UMP owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant UMP's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

27.     Defendant Warner is a California corporation. Defendant Warner owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant Warner's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

28.     Defendant Sounds is a Georgia limited liability company. Defendant Sounds owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's

On My Feet)". Defendant Sounds principal place of business is in the state of Georgia; however, it conducts systematic and continuous business in the state of Colorado.

29. Defendant WB is a California corporation. Defendant WB owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant WB's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

30. Defendant BMG is a Delaware limited liability company. Defendant BMG owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)". Defendant BMG's principal place of business is in the state of New York; however, it conducts systematic and continuous business in the state of Colorado.

31. The true names and capacities, whether individual, corporate, or otherwise, of Defendants named as Does 1 through 5 are unknown to Ms. Asher, who, therefore, sues them by such fictitious names. At such time as their true names and capacities have been ascertained, Ms. Asher will seek leave of the Court to amend this Complaint accordingly. On information and belief, Ms. Asher alleges that each of the Does 1 through 5 are liable to Ms. Asher in connection with one or more claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

**JURISDICTION AND VENUE**

32. The jurisdiction of this Court with respect to the copyright infringement claims is based upon 28 U.S.C. §§ 1331 and 1338(a) in that a controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

33. This Court has personal jurisdiction over the Defendants based upon 28 U.S.C. § 1400(a) because Defendants conduct systematic and continuous business in this judicial district, specifically target their goods and services to this judicial district, including but not limited to the infringing composition and sound recording "23 (J's On My Feet)", and enjoy the benefits and protections of this judicial district. Indeed, the Defendants marketed, distributed, and performed the infringing composition and sound recording "23 (J's On My Feet)" in Colorado, including but not limited to when, on March 4, 2014, Defendant Cyrus performed the infringing composition and sound recording "23 (J's On My Feet)" as part of the *Bangerz Tour* at the Pepsi Center, 1000 Chopper Circle, Denver, Colorado 80204.

34. Defendants wrote, composed, produced, manufactured, distributed, published, performed and promoted the infringing composition and sound recording "23 (J's On My Feet)" for which they and their related entities received a benefit in this judicial district based upon the sale, promotion, and performance of the infringing composition and sound recording "23 (J's On My Feet)" in this judicial district.

35. Ms. Asher, a key witness to this case, resides in this judicial district, which is the judicial district where Ms. Asher learned of the infringement and where Ms. Asher's notes and effects related to this lawsuit are located.

## GENERAL ALLEGATIONS

36. This action for copyright infringement arises from the Defendants' infringement of Ms. Asher's copyright in the original musical composition "J's On My Feet ft Fleetwood" originally released and published on September 4, 2012. The original musical composition "J's On My Feet ft Fleetwood" has been registered in the United States Copyright Office, with Copyright Registration Numbers SR817-195 and PA2-118-344.

37. In January 2013, Ms. Asher's acquaintance provided Defendant Williams with a copy of Ms. Asher's promotional mix, *The Big Bang*, containing the original musical composition "J's On My Feet ft Fleetwood".

38. On or about February 12, 2013, Defendant Williams posted the following message to his verified Twitter handle @MikeWiLLMadeIt: "First song drops soon.  It's called "23" and its (sic) NOT RIGHT."

39. On or about September 9, 2013, Defendants published the infringing composition and sound recording "23 (J's On My Feet)".

40. Or about September 10, 2013, Defendants released the infringing composition and sound recording "23 (J's On My Feet)".

41. Defendant Interscope released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)" world-wide.

42. Defendant UMG released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)" world-wide.

43. Defendant Williams has said in interviews that he wanted a "new and fresh" female artist to perform lead vocals on the infringing composition and sound recording "23 (J's On My Feet)".

44. Upon information and belief, Defendant Cyrus used the release of the infringing composition and sound recording "23 (J's On My Feet)" to reinvent her musical career from child star to the edgier, urban, and adult performer she is today.

45. Before the release of the infringing composition and sound recording "23 (J's On My Feet)", Defendant Cyrus changed her image to a hairstyle which is strikingly similar to Ms. Asher's photograph in the artwork for the promotional mix, *The Big Bang*, which features the

9

original song "J's On My Feet ft Fleetwood". Those similarities are depicted by the following images:

 

*Ms. Asher / The Big Bang (2012)*  *Defendant Cyrus / Bangerz (2013)*

 

46.     The infringing composition and sound recording "23 (J's On My Feet)" received domestic and international success.

47.     Domestic success alone for infringing composition and sound recording "23 (J's On My Feet)" includes but is not limited to:

    a.  23 weeks on the Billboard Hot 100 chart, peaking at number 11;

    b.  26 weeks on the Billboard Hot R&B/Hip-Hop chart, peaking at number 2;

    c.  20 weeks on the Billboard Rhythmic Songs chart, peaking at number 8;

    d.  19 weeks on the Billboard R&B/Hip-Hop Airplay chart, peaking at number 16.

48. The explicit and clean versions of the infringing composition and sound recording "23 (J's On My Feet)" music videos have YouTube views exceeding 794 million and 16 million respectively.

49. The infringing composition and sound recording "23 (J's On My Feet)" appears on promotional materials for Defendant Cyrus's hit album titled *Bangerz*. *Bangerz* achieved 3x Platinum status after selling 3 million units.

50. Defendant Williams is an executive producer of Defendant Cyrus's album *Bangerz*.

51. On or about March 4, 2014, the *Bangerz Tour* stopped in Denver, Colorado where Defendant Cyrus performed the infringing composition and sound recording "23 (J's On My Feet)" at The Pepsi Center, Colorado's largest indoor entertainment venue with a capacity of 18,000 fans, as evidenced by the following advertisement:



11

52. The infringing composition and sound recording "23 (J's On My Feet)" was performed on the *Bangerz Tour* during 68 of the 79 worldwide performances. The *Bangerz Tour* reportedly grossed $63 million.

53. Defendants filmed, marketed, and distributed DVDs of the *Bangerz Tour* featuring live recordings and performances of the infringing composition and sound recording "23 (J's On My Feet)".

54. Defendants are the writers, composers, producers, record labels, manufacturers, distributors, publishers, performers, and concert promoters who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the infringing composition and sound recording "23 (J's On My Feet)".

55. The infringing composition and sound recording "23 (J's On My Feet)", and the music videos and other products embodying the infringing musical composition sound recording "23 (J's On My Feet)" (collectively, the "Infringing 23 Works"), are embodied in all forms of media, including videos, digital downloads, records, violation of synchronization rights and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement.

56. To write and record the infringing composition and sound recording "23 (J's On My Feet)", the Defendants' intentionally, willfully, maliciously, and unlawfully copied and assembled distinctive and important elements from the original musical composition, "J's On My Feet ft Fleetwood".

57. Defendant's copying of the original musical composition "J's On My Feet ft Fleetwood" includes but is not limited to:

    a. Using the phrase, "J's On My Feet" in the title of the infringing composition and sound recording "23 (J's On My Feet)";

    b. Repeating the lyrical hook, "J's On My Feet" no less than 24 times throughout the infringing composition and sound recording "23 (J's On My Feet)";

    c. Utilizing a reinvented Defendant Cyrus to perform the role of a Caucasian female rapper on the infringing composition and sound recording "23 (J's On My Feet)", which is Ms. Asher's signature look; and

    d. Otherwise rendering a sound recording that is substantially similar to the original musical composition "J's On My Feet ft Fleetwood".

58. Defendants have, without authorization, and without giving songwriter credit or a copyright interest to Ms. Asher, created a derivative work of the original musical composition, "J's On My Feet ft Fleetwood" and reproduced, distributed, displayed, publicly performed and otherwise exploited the Infringing 23 Works, resulting in substantial revenue, profit, and notoriety for the Defendants.

59. Defendants performed and continue to perform the infringing composition and sound recording "23 (J's On My Feet)" on the radio, at live concerts, at personal appearances, in videos, on television, on the internet, and/or otherwise.

60. Defendants continue to infringe on the original musical composition "J's On My Feet ft Fleetwood" by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing 23 Works.

61. The infringing composition and sound recording "23 (J's On My Feet)" continues to be reproduced, sold, distributed, publicly performed, licensed and otherwise exploited on compact discs and albums, as digital downloads, ringtones, mastertones, in theatrical motion

pictures, music videos, advertisements, and otherwise, all without songwriter credit or payment to Ms. Asher.

62. As co-infringers, the Defendants are jointly and severally liable to Ms. Asher in an amount to be proven at trial.

### CLAIM FOR RELIEF
### (Direct, Contributory, and Vicarious Copyright Infringement of "J's On My Feet ft Fleetwood" Against All Defendants)

63. Ms. Asher incorporates the allegations set forth above.

64. Ms. Asher is the sole owner of the U.S. copyright in all rights, titles, and interests in the original musical composition "J's On My Feet ft Fleetwood". The musical composition is properly registered with the United States Copyright Office.

65. Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work "23 (J's On My Feet)" of the original musical composition "J's On My Feet ft Fleetwood" infringes on Ms. Asher's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*, including but not limited to:

   a. reproducing the copyrighted work in copies or phonorecords;

   b. preparing derivative works based upon the copyrighted work;

   c. distributing copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

   d. performing the copyrighted work publicly;

   e. displaying the copyrighted work publicly; and

   f. performing the copyrighted work publicly by means of a digital audio transmission.

66. Defendants did not seek or receive permission to copy or interpolate any portion of original musical composition "J's On My Feet ft Fleetwood" into the infringing composition and sound recording "23 (J's On My Feet)".

67. Defendants conduct has at all times been knowing, willful, unlawful, and with complete disregard to Ms. Asher's rights.

68. The Infringing 23 Works copy quantitatively and qualitatively distinct, important, and recognizable portions of the original song, "J's On My Feet ft Fleetwood".

69. Specifically, the infringing composition and sound recording "23 (J's On My Feet)" copies "J's On My Feet ft Fleetwood" by, *inter alia*: similar titles, similar subject matters, similar compositional elements, and similar female performer persona.

70. The inclusion of the signature elements of the original song, "J's On My Feet ft Fleetwood" greatly enhances the musical and financial value of the infringing composition and sound recording "23 (J's On My Feet)".

71. From the date of the creation of the infringing composition and sound recording "23 (J's On My Feet)", all of the Defendants have infringed Ms. Asher's copyright interest in the original song, "J's On My Feet ft Fleetwood" in various ways, including but not limited to:

    a. Substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the infringing composition and sound recording "23 (J's On My Feet)" at radio, live concerts, personal appearances, and on film, video, television, the internet, and otherwise;

    b. Authorizing the reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or selling, manufacturing, and/or

    distributing the infringing composition and sound recording "23 (J's On My Feet)" through various sources;

  c. Substantially copying the related marketing and promotion of the sale of the infringing composition and sound recording "23 (J's On My Feet)" records, videos, tickets to concerts and other performances, and other merchandise; and

  d. Participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the original song, "J's On My Feet ft Fleetwood" in and as part of the Infringing 23 Works, packaged in a variety of ways including radio, concerts, personal appearances, film, video, television, internet, and/or otherwise.

72. Ms. Asher has not received songwriter credit for, or a copyright ownership interest in, the infringing composition and sound recording "23 (J's On My Feet)" or any of the works associated with the infringing composition and sound recording "23 (J's On My Feet)".

73. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

74. The Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

75. The infringing composition and sound recording "23 (J's On My Feet)" was used to promote Defendant Cyrus' album *Bangerz*, as depicted by song number 6 in the following image:



76.  Defendants infringement is ongoing as both the infringing composition and sound recording "23 (J's On My Feet)" and *Bangerz* continue to be marketed, distributed, performed, licensed for sale, available for digital downloads, ringtones, mastertones, motion pictures, advertisements and other exploitations.

77.  As a direct and proximate result of the conduct of the Defendants, Ms. Asher has suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

78.  Pursuant to 17 U.S.C. § 504(b), Ms. Asher is entitled to damages, including the substantial profits of the Defendants, in an amount to be proven at trial.

79.  In the alternative, pursuant to 17 U.S.C. § 504(c), Ms. Asher is entitled to the maximum statutory damages of $150,000 per infringement.

80.  Ms. Asher is entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

81.  Defendants conduct is causing and, unless enjoined by this Court, will continue to cause Ms. Asher irreparable injury that cannot be fully compensated or measured in monetary

terms. Ms. Asher has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ms. Asher is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the infringing composition and sound recording "23 (J's On My Feet)", including all Infringing 23 Works.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ariella Asher requests an award for relief, against the Defendants, including but not limited to:

1. A declaration that the Defendants have willfully infringed on Ms. Asher's copyrighted works in violation of the Copyright Act;

2. A declaration that the Defendants are directly, vicariously and/or contributorily liable for copyright infringement as applicable;

3. A permanent injunction requiring the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Ms. Asher's rights protected by the Copyright Act;

4. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of the Defendants in an amount to be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of infringement;

5. An award of compensatory and special damages in an amount to be proven at trial;

6. For punitive damages on each count to the extent permitted by law;

7. All pre- and post-judgment interest, as well as attorneys' fees and costs to the extent permitted by law; and

8. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Ariella Asher demands a trial by jury on all issues so triable.

DATED: September 5, 2018                    Respectfully submitted,

 *s/ Douglas I. Richards*
Douglas I. Richards
RICHARDS CARRINGTON, LLC
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203
Telephone: 303-962-2690
Facsimile:  303-962-2691
Email:  doug@richardscarrington.com

*Attorney for Ariella Asher*


Ariella Asher
c/o Richards Carrington, LLC
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203